IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
Asheville Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:07cr122 |
| | ) | |
| BOBBY LEE MEDFORD | ) | |

FILED
ASHEVILLE, N.C.
FEB 2 9 2008
U.S. DISTRICT COURT
W. DIST. OF N.C.

## ORDER

The matter is before the Court on defendant's motion for the appointment of second counsel and alternative motion to continue the trial date (docket no. 72).

It is well-settled that trial courts have broad discretion in resolving continuance motions. Indeed, the Court of Appeals for the Fourth Circuit has recognized that "a trial court possesses broad discretion on matters of scheduling and, more specifically, on matters relating to granting or denying continuances." *United States v. Robinson*, 390 F.3d 833, 836-37 (4th Cir. 2004) (citing *Morris v. Slappy*, 461 U.S. 1, 11 (1983); *United States v. Speed*, 53 F.3d 643, 644 (4th Cir. 1995)), *vacated on other grounds, Robinson v. United States*, 544 U.S. 971 (2005). Depending on the circumstances of the case, many factors may be relevant to resolution of a motion to continue, including, *inter alia*,

> (i) the length of delay, (ii) whether there have been any previous continuances, (iii) whether the motion was timely filed, (iv) inconvenience to the litigants, witnesses, counsel and court, (v) the reasons for the delay, (vi) the likelihood that a delay would accomplish the movant's objectives, (vii) whether the delay is requested for a legitimate reason or the legitimacy of the motives in requesting the delay, (viii) whether the delay is purposeful or caused by the defendant, (ix) the fault of the movant in causing a need for the delay, (x) the availability of competent counsel if at issue, (xi) the complexity of the case, and (xii) whether denying the continuance would lead to identifiable prejudice.

17 Am. Jur. 2d Continuances § 53 (2008).

Of the various factors relevant here — including specifically the reasons for the requested

1

delay and the complexity of the case — none weighs in favor of a further delay of the trial date beyond that already granted. In this regard, it is important to note that at defendants' request, a trial date well outside the Speedy Trial Act deadline has already been set, thus allowing the defendants additional time to review and investigate the matter and adequately prepare for trial. Thus, while the government's open-file discovery policy has no doubt led to a large volume of documents being made available to defense counsel, defendant Medford has had, and will have, more than adequate time to review all of the relevant documents and prepare an appropriate defense in this case. It is also noteworthy that none of the other parties in this case have moved for a continuance of the already-delayed trial date in this matter. In short, a further continuance of the trial date is not warranted in the circumstances and defendant's request in this regard is appropriately denied.

Defendant's alternative motion for the appointment of second counsel is equally unpersuasive. Again, no other defense counsel in this or any of the related cases has requested the appointment of second counsel to assist them in preparing a defense in these matters. Moreover, counsel for defendant Medford has already been provided substantial additional assistance in this case pursuant to the Criminal Justice Act. In the circumstances, therefore, appointment of second counsel is neither warranted nor appropriate.

For these reasons, and for the reasons already stated from the Bench,

It is hereby **ORDERED** that defendant's motion for the appointment of second counsel and alternative motion to continue the trial date (docket no. 72) are **DENIED**.

The Clerk is directed to send a copy of this Order to all counsel of record.

/s/
_____
T. S. Ellis, III
United States District Judge

Alexandria, VA
February 28, 2008